IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH J. RUIZ,

        Plaintiff,

vs.                                         CIVIL NO.  12-521 JB/LFG

KAREN EDENFIED, Warden,
FCI Big Spring; JORGE PARTIDA,
MD, FCI Big Spring; and ERIC HOLDER,
U.S. Attorney General,

        Defendants.

## REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court[2] on a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss [Doc. 13] by Defendants Eric Holder, United States Attorney General; Karen Edenfield, Warden, FCI Big Spring; and Jorge Partida, M.D., FCI Big Spring ("Federal Defendants").  They seek to dismiss *pro se* Plaintiff Joseph J. Ruiz's ("Ruiz") Amended Complaint for personal injury, pain and suffering, and permanent pain due to alleged medical malpractice for lack of subject matter jurisdiction.  In the alternative, the Federal Defendants ask that Ruiz be permitted to file amend the complaint.

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.  *See, e.g.*, <u>Wirsching v. Colorado</u>, 360 f.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

[2]On September 4, 2012, United States District Court Judge James O. Browning entered an Order [Doc. 16] referring this case to the undersigned Magistrate Judge to perform any legal analysis required to recommend to the Court an ultimate disposition of the matter.

Ruiz was required to file his response to the Motion to Dismiss no later than August 16, 2012, but failed to file a response. Pursuant to the district court's local rule of procedure, D.N.M.LR-Civ. 7.1(b), the failure to file a response in opposition to a motion constitutes consent to grant the motion. Thus, the Court determines that Ruiz consented to the Federal Defendants' motion to dismiss.

However, our circuit has cautioned that granting a dispositive motion as a result of an opposing party's failure to file a response in opposition may constitute a sanction, and that such a dismissal would be improper in the absence of conducting an analysis under Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988). *See, e.g.,* Elsoueissi v. Denny's, Inc., No. 97-5030, 129 F.3d 130 (Table, Text in Westlaw), 1997 WL 697948, at *1 (10th Cir. Nov. 6, 1997) (unpublished) (advising that prior to imposing the sanction of dismissal with prejudice, a district court must ordinarily consider several factors on the record). Accordingly, while the Court determines that Ruiz consented to grant the motion, it will nonetheless consider the merits of the motion.

## Background

Ruiz's lawsuit is a tort action alleging medical malpractice. Ruiz claims he was a federal prisoner in the custody of the Bureau of Prisons in Big Spring, Texas between September 17, 2008 and September 13, 2011. Ruiz further asserts that, in May 2010, he was injured when pushed from behind on the way to the dining hall. [Doc. 1, ¶ 2.] He contends he fell and injured his wrists. [Id.]. Despite repeated attempts to obtain medical treatment for his injured wrists, Ruiz alleges that nothing was done [id., ¶¶ 3-7]. Moreover, Ruiz asserts that when medical treatment was ultimately provided, it was insufficient to address the problem with his wrists or, alternatively, that the medical treatment was negligent. [Id., ¶¶ 8-17.]

On April 27, 2011, Ruiz filed an administrative tort claim on [id., ¶ 22], and more than six months expired since the filing of the administrative complaint. Ruiz did not receive any decision in writing from the agency concerning his administrative claim.

## Analysis

Ruiz bears the burden of demonstrating the District Court has jurisdiction to hear his claims. Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). In the Amended Complaint, Ruiz failed to specifically assert any statutory basis for this Court's jurisdiction. His Amended Complaint appears to be an action in tort against an agency of the United States. Thus, the proper jurisdictional averment is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*

By enacting the FTCA, Congress waived the United States' sovereign immunity for certain actions sounding in tort. Title 28 U.S.C. § 1346(b) provides the exclusive remedy for tort actions against the United States and grants jurisdiction to district courts over such actions. *See, e.g.,* Boehme v. U.S. Postal Serv., 343 F.3d 1260, 1262 (10th Cir. 2003); Ascot Dinner Theater v. Small Business Administration, 887 F.2d 1024 (10th Cir. 1989).

Ruiz's Amended Complaint attempts to assert claims against federal agencies or employees rather than the United States. Under the FTCA, claims against the United States must be brought against the United States and not against federal employees or entities. *See* Lurch v. United States, 719 F.2d 333, 340 (10th Cir. 1983), *cert. denied*, 466 U.S. 927 (1984) (FTCA provides for action against the United States). *See also* Denney v. United States Postal Serv., 916 F.Supp. 1081, 1083 (D.Kan. 1996) (only proper defendant in FTCA case is the United States, not its agencies or employees).

The failure to name the United States as the defendant in a FTCA case results in a lack of jurisdiction by the Court. 28 U.S.C. § 2679(a) (FTCA provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) (finding that failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction) (citation omitted). *See also* Rehoboth McKinley Christian Healthcare Servs., Inc. v. U.S. Dep't of Health and Human Servs.,--- F.Supp.2d ----, 2012 WL 1155847, *4 (D.N.M. Mar. 28, 2012) (*citing* Wexler v. Merit Sys. Prot. Bd., 986 F.2d 1432, 1993 WL 53548 (10th Cir. 1993) ("failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction")).

As Ruiz failed to name the correct defendant and because this failure is jurisdictional, the Court is required to dismiss the Amended Complaint. For Ruiz's lawsuit to proceed, if at all, the proper Defendant, the United States of America, needs to be named. *See* Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) (FTCA claim against federal agency or employee as opposed to the United States itself must be dismissed for lack of jurisdiction).

The result may seem harsh, but case law requires the naming of proper parties. *See, e.g.,* Sharp Land Co. v. United States by and through U.S.E.P.A., 956 F. Supp. 691, 694 (M.D. La. 1996) (any claims asserted against individuals acting in official capacities are dismissed with prejudice because the United States is the proper party); Duvall v. U.S. Dep't of Agric., 74 F.3d 1249, 1996 WL 10905, *1 (10th Cir. 1996) (unpublished) (citizen may successfully sue government only by following law that permits suit and if plaintiff fails to follow this law, court must dismiss tort suit).

Ruiz contends that he timely filed an administrative tort claim even though the agency did not yet deny claim in writing. Title 28 U.S.C. § 2675(a) provides that an action shall not be instituted against the United States for money damages "unless the claimant shall have first

4

presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified and registered mail." However, if an agency fails to make a final disposition of a claim within six months after the claim was filed, the claimant may opt that the agency's failure to act be deemed a final denial of the claim for purposes of exhaustion. 28 U.S.C. § 2675(a). Thus, Ruiz's administrative claim is considered to be exhausted. But, because Ruiz named improper parties, the Court lacks subject matter jurisdiction over the lawsuit and it is subject to dismissal.

## **Recommendation**

The Court therefore recommends that Ruiz's lawsuit be dismissed without prejudice. The dismissal without prejudice will allow Ruiz to file an amended complaint, naming the sole proper party Defendant.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge