**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSEPH J. RUIZ,

    Plaintiff,

v.                                                         CV 12-521 JB/CEG

UNITED STATES OF AMERICA,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Plaintiff's *Second Amended Complaint for Personal Injury, Pain and Suffering and Permanent Pain Due to Medical Malpractice* ("Second Amended Complaint"), filed October 16, 2012, (Doc. 22); Karen Wedenfield, Jorge Partida, and Eric Holder's *Motion and Memorandum to Dismiss Plaintiff's Second Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1) for Lack of Jurisdiction* ("Motion to Dismiss"), filed October 30, 2012, (Doc. 23); Plaintiff's *Response to Defendant's Motion and Memorandum to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Jurisdiction* ("Response"), filed November 8, 2012, (Doc. 24); and the *Reply to Plaintiff's Response to Defendant's Motion and Memorandum to Dismiss Plaintiff's Second Amended Complaint* ("Reply"), filed November 20, 2012, (Doc. 25). United States District Judge James O. Browning referred this matter to this Court to make proposing findings and a recommended disposition. (Doc. 29).

**I.    Background**

Karen Wedenfield, Jorge Partida, and Eric Holder ("Movants") were the original named defendants in this action brought under the Federal Tort Claims Act ("FTCA").

(Docs. 1, 3). The Court ordered Plaintiff to amend his complaint to name the United States as the proper defendant in his lawsuit. (Doc. 21). Plaintiff subsequently filed the Second Amended Complaint asserting "negligence under the Federal Tort Claims Act" against the United States, requesting various forms of relief, including amendment of the caption "to reflect the proper parties." (Doc. 22 at 2–3).

However, Movants remain listed in the caption of the Second Amended Complaint, despite not being referenced in the body of the Second Amended Complaint itself. Movants have filed this Motion to Dismiss, alleging that by fact of their inclusion in the caption that they are still parties to this action. (Doc. 23). They further contend that since the United States was not in the caption of the Second Amended Complaint, that the United States is not a party. Movants point out that the United States is the only proper defendant in an action brought pursuant to the FTCA, and that as the Complaint is currently written, there is no cognizable cause of action under the FTCA against them. Defendants argue that dismissal with prejudice is required because the U.S. District Court lacks subject matter jurisdiction over this case.

## II.     Anaylsis

The Second Amended Complaint superseded all previous complaints that were filed by Plaintiff because, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). In the body of the Second Amended Complaint, the only defendant which Plaintiff brings claims against is the United States. Plaintiff asserts that he "amends his Amended Complaint

2

. . . to include the United States of America," that "the United States is liable" for negligent acts and omissions and tortious acts, and "[t]he United States . . . owed a duty to Plaintiff." (Doc. 22 at 1, 2). In the entirety of the document Movants are only referred to one time, and that is in the caption. Plaintiff responds that he "requested that the Court allow for him to amend his complaint to include the proper parties (the United States) in his Second Amended Complaint," and that "[i]t is not Plaintiff's intent to name [Movants] as Defendant's [sic] in this case." (Doc. 23 at 3, 4).

Movants are correct that a caption must accompany every pleading, and the title of the complaint must name all of the parties. *See* FED. R. CIV. P. 10(a). The Court may dismiss a complaint for failure to adhere to the requirements of Rule 10(a). *Butchard v. County of Dona Ana*, 287 F.R.D. 666, 669 (D.N.M. 2012) (citing *OTR Drivers v. Frito-Lay*, 988 F.2d 1059, 1060 (10th Cir. 1993)). However, the Sixth Circuit held that a claim was clearly brought under the Miller Act, even when the name of the United States did not appear in the caption of the complaint, and that the failure to name the United States was a "formal irregularity" cured by amendment permitted by the court. *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469–70 (6th Cir. 1964). The Court is guided by Sixth Circuit's analysis.

Further, in his Second Amended Complaint, Plaintiff requests that he be allowed to amend the caption "to reflect the proper parties . . . ." (Doc. 22 at 3). It is apparent that Plaintiff believes he needs permission from the Court to change the style of the caption. While Plaintiff could have filed the Second Amended Complaint with the corrected caption and need not seek leave of Court, the Court recommends that such relief be granted insofar as it has been requested. Accordingly, the caption of the case should be changed

3

to reflect the correct posture of the parties in this case. The Court finds that, pursuant to the Second Amended Complaint, Movants have been dismissed from this action, and the sole defendant is the United States.

Therefore, Movants are third parties to this action. Their requested relief—dismissal from this lawsuit—is mooted by the proceedings. Accordingly, the Court recommends that the Motion to Dismiss be denied.

The Court further notes that Plaintiff has failed to show that he has served the summons or the Second Amended Complaint upon the United States. FED. R. CIV. P. 4(m) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

More than 120 days have elapsed since the Second Amended Complaint was filed. Plaintiff should direct service of process on the United States, or the Court may order Plaintiff to show cause why he has failed to do so.

### III.   Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's request to amend the caption of this case be **GRANTED**. Karen Wedenfield, Jorge Partida, and Eric Holder should be removed as Defendants, and the United States of America should be added as the sole Defendant in the caption. All parties should comport their filings accordingly. The Clerk of the Court should be ordered to terminate Karen Wedenfield, Jorge Partida, and Eric Holder from the case docket, and add the United States as the defendant in this matter.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE