IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH J. RUIZ,

      Plaintiff,

vs.                                                              No. CIV 12-0521 JB/CEG

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 5, 2014 (Doc. 30)("PFRD"). In the PFRD, the Honorable Carmen E. Garza, United States Magistrate Judge, recommended that Karen Wedenfield's, Jorge Partida's, and Eric Holder's requests in the Motion and Memorandum to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Jurisdiction, filed October 30, 2012 (Doc. 23)("MTD"), be denied, and that Plaintiff Joseph J. Ruiz' request to amend the caption of this case pursuant to the Second Amended Complaint for Personal Injury, Pain and Suffering and Permanent Pain Due to Medical Malpractice, filed October 16, 2012 (Doc. 22), be granted. The parties were notified that written objections to the PFRD were due within fourteen days. See PFRD at 5. No objections have been filed, and the deadline of February 24, 2014, has passed. Because the Court concludes that Judge Garza's PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court will adopt it.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In <u>Workheiser v. City of Clovis</u>, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.   2012 WL 6846401, at *3.   The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition *de novo*, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][1] contrary to law, or an abuse of discretion."   <u>Workheiser v. City of Clovis</u>, 2012 WL

---

[1] The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  <u>Solomon v. Holder</u>, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); <u>O'Neill v. Jaramillo</u>, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  The Court thus adopts Judge Wormuth's PFRD.")(citing <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3); <u>Galloway v. JP Morgan Chase & Co.</u>, CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" reflects well the deferential standard of review that the Court intends to use when there is no objection.  Finding that a

6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. 140, 151 (1985)("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court has reviewed the PFRD to determine whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court has determined that they are not. Accordingly, the Court will adopt the PFRD as its own.

**IT IS ORDERED** that: (i) Karen Wedenfield, Jorge Partida, and Eric Holder's requests in the Motion and Memorandum to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Jurisdiction, filed October 30, 2012 (Doc. 23), be denied; and (ii) the caption of this case be amended to reflect the proper parties pursuant to the Second Amended Complaint for Personal Injury, Pain and Suffering and Permanent Pain Due to Medical

---

Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the magistrate judge's delineation of the facts -- in other words performing a *de novo* review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" reflects better that the Court is not performing a *de novo* review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

Malpractice, filed October 16, 2012 (Doc. 22); Karen Wedenfield, Jorge Partida, and Eric Holder shall be removed as Defendants; and Defendant United States of America shall be added as the sole Defendant in the caption. All parties should comport their filings accordingly. The Clerk of the Court shall terminate Karen Wedenfield, Jorge Partida, and Eric Holder from the case docket, and add the United States as the Defendant in this matter.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel A. Sanchez
Santa Fe, New Mexico

      *Attorney for the Plaintiff*

Kenneth J. Gonzales
   United States Attorney
Ruth Fuess Keegan
Jan Elizabeth Mitchell
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Defendants*